IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

IN RE:                           )
                                 )
TORY BRADEN                      )          CHAPTER 13 CASE
                                 )          NUMBER 14-20226
        Debtor                   )
_____)
SUNTRUST BANK                    )
                                 )
        Creditor/Movant          )          **FILED**
                                 )          Lucinda B. Rauback, Clerk
v.                               )          United States Bankruptcy Court
                                 )          Savannah, Georgia
TORY BRADEN                      )          *By pbryan at 11:03 am, Sep 18, 2014*
                                 )
        Debtor                   )
                                 )
M. ELAINA MASSEY                 )
                                 )
        Chapter 13 Trustee       )
                                 )
        Respondents              )

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER
GRANTING DEBTOR'S MOTION TO STRIP SECOND MORTGAGE LIEN**

        This matter comes before me on the motion by SunTrust

Bank ("SunTrust") to reconsider my order granting Debtor's Motion

for an Order Deeming Mortgage Lien of SunTrust as an Unsecured

Claim ("Motion to Reconsider"). (ECF No. 47.) SunTrust requests

that I vacate that order on the basis that it is void due to the

Debtor's failure to serve the Lien Strip Motion in compliance

with Rule 7004(h) of the Federal Rules of Bankruptcy Procedure ("Rules"). (ECF No. 47, ¶ 9.) SunTrust requests relief under Rule 9023 or, alternatively, Rule 9024. (Id.)

### FINDINGS OF FACT

The Debtor owns real property located at 332 Sandcastle Lane, St. Simons Island, Georgia 31522 ("Property"). (ECF No. 38, ¶ 4.) JPMorgan Chase Bank, N.A. ("Chase") holds a first mortgage lien on the Property in the amount of $200,372.43 as of the date of the petition. (Claim No. 10, Jul. 14, 2014.) SunTrust holds a second mortgage lien on the Property in the amount of $68,700.69 as of the date of the petition. (Claim No. 2, Mar. 24, 2014.)

The Debtor filed a Motion for an Order Deeming the Mortgage Lien of SunTrust an Unsecured Claim ("Lien Strip Motion"). (ECF No. 38.) The Debtor served SunTrust with the Lien Strip Motion by certified mail at four separate addresses. (ECF No. 38.) First, the Debtor served SunTrust at the post office box ("P.O. Box") address provided for notice on SunTrust's proof of claim ("Address No. 1").[1] (Id.) The notice was addressed to "Suntrust, c/o Adrienne Heckstall." (Id.) Adrienne Heckstall is

---

[1] The Proof of claim in pertinent part to the matter before me sets out the following:
   Name and address where notice should be sent:
   SunTrust Bank
   Attn. Support Services
   P.O. Box 85092
   Richmond, VA 23286

AO 72A
(Rev. 8/82)

listed as a registered agent of SunTrust with the title "Bankruptcy Specialist" on the proof of claim. (Claim No. 2, Mar. 24, 2014.) Second, the Debtor served SunTrust at another P.O. Box address ("Address No. 2"). (ECF No. 38.) The notice was addressed to "Suntrust." (Id.) Third, the Debtor served SunTrust at the principal office address listed with the Georgia Secretary of State ("Address No. 3"). The notice was addressed to "Suntrust." (Id.) Fourth, the Debtor served SunTrust at the address of its registered agent, Corporation Service Company, listed with the Georgia Secretary of State ("Address No. 4"). (Id.) The notice was addressed to "Suntrust." (Id.)

The Bankruptcy Noticing Center mailed notice of hearing on the Lien Strip Motion by first class mail to SunTrust at the same four addresses. (ECF No. 42.) Additionally, the Bankruptcy Noticing Center sent separate notice "Attn: Support Services" to Address No. 1. (Id.)

At hearing on the Lien Strip Motion, the Debtor presented evidence that the county tax appraisal for the Property in 2013 and in 2014 was $193,100.00. (ECF No. 38, ¶ 6.) SunTrust failed to appear at the hearing. Based on the evidence presented, I granted the Debtor's Lien Strip Motion and deemed the second mortgage lien of SunTrust unsecured for purposes of the

underlying chapter 13 plan pursuant to 11 U.S.C. §§ 506(a)(1) and 1322(b)(2). (ECF No. 45.)

## CONCLUSIONS OF LAW

Motions to strip liens require service in accordance with Rule 7004. Fed. R. Bankr. P. 9014. Rule 7004(h) specifically applies to insured depository institutions and provides that unless an exception applies, service of process on a federally insured depository institution "shall be made by certified mail addressed to an officer of the institution . . . ." Fed. R. Bankr. P. 7004(h). The Debtor did not dispute SunTrust's assertion that it is an insured depository institution.

I have previously held that a party is not required to address mailed service to a named individual officer or agent under Rule 7004(b)(3).[2] In re Rushton, 285 B.R. 76, 81 (Bankr. S.D. Ga. 2002) (citing Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.), 254 B.R. 331, 332 (Bankr. M.D. Pa. 2000)). Service addressed to "Officer" or "Agent" meets the requirements of the rule. Id.

---

[2] Courts are divided on this issue. See Fleet Credit Card Services, L.P. v. Tudor (In re Tudor), 282 B.R. 546, 549-50 (Bankr. S.D. Ga. 2002); e.g., compare Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.), 180 B.R. 453, 454, 456-57 (Bankr. E.D. Va. 1995) (because service of process by first class mail is a rare privilege, notice addressed to "President or Corporate Officer" is improper because no individual was named.), with Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.), 254 B.R. 331, 332 (Bankr. M.D. Pa. 2000) (requiring parties to name an officer, director, or managing agent would create more problems than it would solve).

Generally, Rule 7004(h) imposes a more stringent requirement for service on an insured depository institution than that required for service of a corporation under Rule 7004(b)(3).[3] Fed. R. Bankr. P. 7004. However, Rule 7004(h) should not be interpreted any differently with regards to whether a movant should address service to a named individual officer or merely to "Officer." In re Gambill, 477 B.R. 753, 762 (Bankr. E.D. Ark. 2012); see also In re Outboard Marine Corp., 359 B.R. 893, 900 (Bankr. N.D. Ill. 2007) (citing effect on movant of frequent changes in individual corporate officers and some corporations failure to keep state records updated).

Here, the Debtor has failed to properly address service to either a named individual officer or to "Officer." The service mailed to Address No. 2, Address No. 3, and Address No. 4 each do not meet the bare minimum requirement. None of them are addressed to either a named individual officer or to the attention of "Officer."

The service mailed to Address No. 1, addressed "c/o Adrienne Heckstall," comes closest to satisfying the requirements of Rule 7004(h). First, a movant may rely on the address listed

---

[3] Rule 7004(b)(3) states in pertinent part:
(b) Service by first class mail.
Except as provided in subdivision (h) ... service may be made within the United States by first class mail postage prepaid as follows: ...
(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...

on a creditor's proof of claim when perfecting service under Rule 7004(h) just as it can under Rule 7004(b)(3). See In re Rushton, 285 B.R. at 81 (citing Ms. Interpret v. Rawe Druck-und-Veredlungs-GMBH (In re Ms. Interpret), 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998). Second, Rule 7004(h) does not include a requirement that service by certified mail occur at a physical address. See In re Exum, No. 12-020298, 2013 WL 828293, at *4 (Bankr. E.D.N.C. Mar. 6, 2013) (finding service to post office box valid under Rule 7004(h)). Third, although the service provided to Address No. 1 is addressed to a named individual, the Debtor has failed to prove that Adrienne Heckstall is an officer of SunTrust. See In re Stassi, No. 09-71563, 2009 WL 3785570, at *3 (Bankr. C.D. Ill. Nov. 12, 2009) (citing In re Anderson, 159 B.R. 830, 837-38 (Bankr. N.D. Ill. 1993)) (debtor has burden of ensuring all creditors have been properly notified).

The Debtor's service of process did not meet the requirements of Rule 7004(h). Accordingly, if SunTrust is able to meet its burden under Rule 9023 or Rule 9024, it may have grounds for relief. See Valdez v. Feltman (In re Worldwide Web Sys.), 328 F.3d 1291, 1298-1299 (11th Cir. 2003).

Rules 9023 and 9024 incorporate two Federal Rules of Civil Procedure ("Civil Rules") designed to allow a party to request reconsideration of a judgment: Civil Rule 59(e) and Civil

Rule 60(b), respectively. See In re Brewer, No. 02-21105, 2004 WL 6043271, at *2 (Bankr. S.D. Ga. Dec. 13, 2004). Functionally, there is "considerable overlap" between these two Rules. See Williams v. Thaler, 602 F.3d 291, 303 (5th Cir. 2010). Ultimately, their respective application depends on whether the movant satisfies the stricter twenty-eight-day time limit prescribed by Civil Rule 59(e) or the less stringent "no more than one year after the entry of the judgment" or "within a reasonable time" deadline set forth in Civil Rule 60(b). See id.

Here, the order granting the Lien Strip Motion was entered on July 11, 2014. (ECF No. 45.) SunTrust filed its Motion to Reconsider seven days later, on July 18, 2014. (ECF No. 47.) Accordingly, I will evaluate the Motion under Civil Rule 59(e).

## I.  **SunTrust Has Failed to Establish Grounds for Relief from Judgment Under Civil Rule 59(e).**

Reconsideration of a previous order is an extraordinary remedy used sparingly so as to preserve the interest in finality of judgment and conserve scarce judicial resources. See Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000); In re Brewer, 2004 WL 6043271, at *2. Civil Rule 59(e) does not provide specific grounds for relief. Accordingly, the decision to alter or amend judgment is committed to the sound

discretion of the trial judge. Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985).

Generally, three grounds justify reconsideration of a judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or manifest injustice. In re Alexander SRP Apartments, LLC, No. 12-20272, 2012 WL 1910095, at *1 (Bankr. S.D. Ga. May 16, 2012) (citing Estate of Pidcock By & Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989)).

SunTrust has not satisfied any of these grounds. First, SunTrust does not claim an intervening change in controlling law. Second, SunTrust failed to demonstrate the availability of new evidence. Although the Motion to Reconsider cited the availability of a Broker's Price Opinion indicating that the Property has a value in the approximate amount of at least $260,000, SunTrust was unable to support this assertion through evidence at hearing. In fact, SunTrust conceded that it did not presently have any evidence showing that the Property was worth more than the tax assessment value the Debtor presented. Granting the Motion for Reconsideration and rehearing the Debtor's Lien Strip Motion would thus serve no useful purpose. See Taylor v. First North Am. Nat'l Bank, 331 F. Supp. 2d 1354, 1355 (M.D. Ala. 2004) (reconsideration should be denied if it would serve no

useful purpose). Third, and similarly, SunTrust has not presented any evidence that granting the Lien Strip Motion was clear error or resulted in manifest injustice. Accordingly, SunTrust has not met any of the grounds for relief under Civil Rule 59(e).

## II.   SunTrust Has Failed to Establish Grounds for Relief from Judgment Under Civil Rule 60(b).

Consideration of SunTrust's Motion in the alternative under Civil Rule 60(b) renders the same result. Relief under Civil Rule 60(b) is granted only to prevent what would otherwise be a clear miscarriage of justice. In re Jason, No. 01-10082, 2005 Bankr. LEXIS 2833, at *14 (Bankr. E.D. Va. 2005) (citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). To come under the purview of Civil Rule 60(b), a movant must establish four threshold requirements: (1) the motion was filed within a reasonable time; (2) the movant has a meritorious defense to the action; (3) the opposing party would not be unfairly prejudiced; and (4) exceptional circumstances exist. Id.; see also Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979) (movant has burden to show meritorious defense as a threshold condition to Civil Rule 60(b) relief). The grounds for relief listed in Civil Rule 60(b) are not considered until this threshold requirement is met.

AO 72A
(Rev. 8/82)

The Motion to Reconsider was timely, and nothing suggests the Debtor would be unfairly prejudiced by granting it. However, SunTrust has not met the other two threshold requirements.

First, SunTrust failed to establish a meritorious defense to the Lien Strip Motion. A meritorious defense requires a proffer of evidence that would permit a finding for the defaulting party or that would establish a valid counterclaim. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2697 (2d ed. 1983)); see also In re Worldwide Web Sys., 328 F.3d at 1296 (moving party must make an affirmative showing of a defense that is likely to be successful). The movant's burden is minimal, but the bare allegation of a meritorious defense is insufficient. DirectTV, Inc. v. Aiken, No. No. 3:03CV00049, 2004 WL 547221, *2 (W.D. Va. March 16, 2004). Although SunTrust asserted the existence of a meritorious defense to the Lien Strip Motion, it conceded that it presently lacks evidence to support that

assertion. Therefore, its assertion is nothing more than a bare allegation.

Second, there is nothing in the record to suggest the existence of exceptional circumstances requiring the granting of relief. See In re Lewis Road, LLC, No. 09-37672, 2011 Bankr. LEXIS 4827, at *19-20 (Bankr. E.D. Va. Dec. 9, 2011) (finding exceptional circumstances when court was unaware of Debtor's attorney's conflict of interest); Montgomery Ward Comprehensive Health Care Plan v. Layne, No. 95-2441, 1996 U.S. App. LEXIS 18174, at *15-16 (4th Cir. July 23, 1996) (finding exceptional circumstances because court did not have opportunity to review key document before denying injunction). Accordingly, SunTrust has not satisfied the threshold requirements for relief under Civil Rule 60(b).

Additionally, SunTrust has not established that the Debtor's failure to meet the technical requirements of Rule 7004(h) resulted in the denial of a constitutional right to due process that renders the judgment void.

Civil Rule 60(b)(4) provides relief from void judgments. Fed. R. Civ. P. 60(b)(4). It requires courts to set aside as void, without any discretion, an order issued in a manner inconsistent with the due process clause of the Fifth Amendment. In re Manchester Ctr., 123 B.R. 378, 381 (Bankr. C.D.

Cal. 1991). Constitutional due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). However, the Supreme Court of the United States has never equated service of process as prescribed by Civil Rule 4 with constitutional due process. In re Wilkinson, 457 B.R. at 544. Service of process required under Rule 7004 is similarly not constitutionally mandated. See Countrywide Home Loans, Inc. v. Terlecky (In re Fusco), No. 08-8028, 2008 WL 4298584, at *4-7 (B.A.P. 6th Cir. 2008). Therefore, a movant must both identify a technical inadequacy in the notice provided and establish the denial of a right to due process in order to prove a judgment is void. In re Manchester Ctr., 123 B.R. at 381 (citing In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir.1985)). A party afforded actual notice consistent with constitutional standards cannot claim a violation of its constitutional due process rights simply because the technical requirements for service of process were not met. In re Wilkinson, 457 B.R. at 544.

Here, SunTrust conceded at hearing that it received actual notice of the Lien Strip Motion. This more than satisfied

AO 72A
(Rev. 8/82)

SunTrust's due process rights. See Espinosa, 559 U.S. at 272. Accordingly, the judgment is not void under Civil Rule 60(b)(4).

### ORDER

Therefore, having failed to meet the threshold requirements of Civil Rules 59(e) and 60(b), SunTrust's Motion for Reconsideration is **ORDERED DENIED**; and

**FURTHER ORDERED** that the Order entered on July 11, 2014, remains in full force and effect to the extent that it deems the second mortgage lien of SunTrust unsecured for purposes of the underlying chapter 13 plan.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of September, 2014.

AO 72A
(Rev. 8/82)